

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| vs. | § CRIMINAL ACTION NO.: 3:07-600-MGL-4 |
| | § |
| OMAR GUERRA, | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO SUPPLEMENT THE RECORD**
**AND DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

### I.     INTRODUCTION

Pending before the Court are Defendant Omar Guerra's (Guerra) pro se motion to supplement the record and motion to reduce his sentence. Having carefully considered the motions, the supplement, the response, the reply, the record, and the applicable law, it is the judgment of the Court Guerra's motion to supplement the record will be granted and his motion to reduce his sentence will be denied.

### II.     FACTUAL AND PROCEDURAL HISTORY

Guerra pled guilty to one count of conspiracy to possess with intent to distribute and to distribute one thousand kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, and 851. Judge Seymour sentenced him to a term of 360 months of imprisonment and a ten-year term of supervised release. She later reduced his sentence to 324 months based on retroactive changes to the United States Sentencing Guidelines.

Guerra currently has a projected release date of November 3, 2030.

While incarcerated, Guerra has engaged in rehabilitative efforts, such as continuing education classes, vocational training, release preparation programs, and drug treatment programs. He has also served as a health companion, suicide companion, and hygiene companion during the COVID-19 pandemic, through which he evidently provides support to other inmates. A supervisor states he "has done an excellent job" and "has a very calm easy going manner that has allowed him to build a good rapport with the inmates[.]" Guerra's Individualized Needs Plan at 3. Another supervisor stated "[h]e is professional, caring and dedicated to his work." *Id.*

Guerra filed the motion to supplement and the motion to reduce his sentence on May 12, 2022. The government responded and Guerra replied. The Clerk's Office subsequently reassigned this case to the undersigned Judge. The Court, having been fully briefed on the relevant issues, will now adjudicate the motions.

### III.    STANDARD OF REVIEW

When deciding whether to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i), a district court generally proceeds in three steps. *United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" exist to support a sentence reduction. *Id.* at 185 (quoting § 3582(c)(1)(A)(i)).

Second, the court considers whether "a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). But, because there is "as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), . . . district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might

2

raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal alterations and citations omitted).

Finally, even if the court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. *High*, 997 F.3d at 186.

## IV.     DISCUSSION AND ANALYSIS

As an initial matter, Guerra moves the Court to supplement the record. He attaches to the motion documents in support of his motion to reduce his sentence. The Court will grant the motion to supplement the record and consider those documents below.

Further, Guerra has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining a Defendant may bring a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). The Court thus turns to the merits of his motion to reduce his sentence.

### A.    *Whether Guerra presents extraordinary and compelling reasons warranting a reduction of his sentence under 18 U.S.C. § 3582(c)*

Guerra insists the Court should reduce his sentence because his current sentence is "a relic of a bygone epoch in federal sentencing jurisprudence" when courts punished marijuana offense more harshly than they do today. Motion at 2. The government maintains Guerra would receive the same sentence if convicted today.

Guerra posits the First Step Act reduced the mandatory minimum sentence that would have applied to him had he been sentenced today. A nonretroactive change to a mandatory minimum

3

sentence can sometimes constitute extraordinary and compelling reasons for a sentence reduction. *See McCoy*, 981 F.3d at 285 (holding nonretroactive elimination of "stacking" of Section 924(c) offenses could constitute extraordinary and compelling reasons, because of "the severity of a § 924(c) sentence, combined with the enormous disparity between that sentence and the sentence a defendant would receive today").

Here, Judge Seymour sentenced Guerra above even the then-applicable twenty-year mandatory minimum, even after she reduced his sentence. More specifically, she determined a sentence at the low-end of the guideline range—originally 360 months and 324 months after changes to the guidelines—was appropriate in this case.

The mandatory minimum, then, failed to dictate Guerra's sentence. Accordingly, any nonretroactive changes to the mandatory minimum for Guerra's offense fail to present extraordinary and compelling reasons for a sentence reduction.

Moreover, Guerra avouches society has seen a "sea [of] change" regarding attitudes toward marijuana offenses. Motion at 28. Even if the public attitude toward marijuana is shifting, however, it is still illegal to possess and distribute at the federal level. Congress, not the Court, must move to reflect these changes through legislation. *Cf. Bousley v. United States*, 523 U.S. 614, 620–21 (1998) ("[U]nder our federal system it is only Congress, and not the courts, which can make conduct criminal"). Therefore, this argument, too, fails.

The Court thus determines Guerra has failed to present extraordinary and compelling reasons for his release.

      **B.**    *Whether the Section 3553(a) factors weigh in favor of release*

Even if the Court determined extraordinary and compelling circumstances exist in this case, however, analysis of the Section 3553(a) factors would preclude release. *See* 18 U.S.C.

4

§ 3582(c)(1)(A) (the Court may grant compassionate release only "after considering the factors set forth in section 3553(a) to the extent that they are applicable[.]"). These factors include

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) "the need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes by the defendant;
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the offense] . . .
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Guerra pled guilty to of conspiracy to possess with intent to distribute and to distribute one thousand kilograms or more of marijuana, a serious offense. Judge Seymour ultimately held Guerra responsible for 11,257 kilograms of marijuana, a significant amount. Moreover, he received a sentencing enhancement for making threats against a government witness.

What is more, Guerra has a criminal history category of six, including convictions for driving while intoxicated, possession of a controlled substance, and delivery and manufacture of marijuana.

On the other hand, Guerra has used his incarceration for rehabilitative efforts such as vocational training and providing support to other inmates by serving as a companion. Although the Court commends Guerra for his progress, finding his service while incarcerated admirable, it

5

determines his efforts toward rehabilitation fail to warrant a sentence reduction. The Court encourages Guerra to continue to take part in programming the Bureau of Prisons has to offer.

Considering the balance of the factors, therefore, the Court determines a reduced sentence is inappropriate. The current 324-month sentence is not of "unusual length[,]" and creates no "gross" sentencing disparity. *McCoy*, 981 F.3d at 285 (internal quotation omitted). It is sufficient, but no longer than necessary, to promote respect for the law, provide adequate deterrence, reflect the seriousness of his offense, and is a just punishment in this case.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Guerra's motion to expand the record, ECF No. 487, is **GRANTED**; and his motion to reduce his sentence, ECF No. 486, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 16th day of February 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE