

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| vs. | § CRIMINAL ACTION NO.: 3:07-600-MGL-4 |
| | § |
| OMAR GUERRA, | § |
| | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S PRO SE MOTION FOR COMPASSIONATE RELEASE
AND TO REDUCE SENTENCE UNDER AMENDMENT 821**

**I.    INTRODUCTION**

Pending before the Court is Defendant Omar Guerra's ("Guerra") *pro se* motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for compassionate release and under Amendment 821 of the U.S. Sentencing Guidelines, filed February 12, 2024.  This is Guerra's second motion for compassionate release, the first having been filed on May 12, 2022, and denied on February 16, 2023.  *See* ECF Nos. 486, 499. The government filed a response in opposition to Guerra's second motion on July 11, 2024, to which Guerra filed a *pro se* reply on August 19, 2024.  Having carefully considered the motions, the government's response, Guerra's reply, the record, and the applicable law, it is the judgment of the Court the motions will be denied.

**II.    FACTUAL AND PROCEDURAL HISTORY**

Guerra was charged in a 20-count second superseding indictment filed on October 17, 2007.

On March 17, 2009, the government filed an Information pursuant to 21 U.S.C. § 851 notifying Guerra he was subject to sentencing enhancements based on the following conviction:

<u>January 4, 2000</u>: 17th Circuit Court; MI410025J <u>Felony Delivery/Manufacture 5-45 Kilograms of Marijuana</u> (offense date May 12, 1999).

On May 29, 2008, Guerra pleaded guilty pursuant to an amended plea agreement to Count 2 of the second superseding indictment charging conspiracy to possess with intent to distribute and to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846. The United States Probation Office ("USPO") prepared a presentence investigation report ("PSR") attributing to him 11,257.60 kilograms of marijuana equivalent. This total was based on 20 kg cocaine, or 4,000 kg marijuana equivalent (20,000 g x 200 g = 400,000 g); and 16,000 lbs of marijuana, or 7,257.60 kg marijuana (16,000 lbs x 453.6 g = 7,257,600 g). Guerra's base offense level was 36. He received an additional 2 points for obstruction, for a total offense level of 38. Guerra was found to have a criminal history score of 13. He was on state probation at the time the federal offense was committed, for which he was given an additional 2 points, for a criminal history score of 15, and a criminal history category of VI. His guidelines range was 360 months to life in prison.

On October 14, 2009, the Honorable Margaret B. Seymour sentenced Guerra to 360 months of incarceration and a 10-year term of supervised release. Judgment was entered on October 29, 2009. On October 26, 2015, Guerra received a reduced sentence pursuant to Amendment 782 of the U.S. Sentencing Guidelines, which reduced his total offense level from 38 to 36. Guerra was sentenced to imprisonment for a period of 324 months. Guerra currently has a projected release date of November 3, 2029. This case was reassigned to this Court on September 15, 2022.

### III.    STANDARD OF REVIEW

After a defendant has exhausted his administrative remedies, the Court may reduce a term

of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must consider whether the extraordinary and compelling reasons are "consistent with applicable policy statements issued by the Sentencing Commission[.]" *Id.* § 3582(c)(1)(A). As of November 1, 2023, United States Sentencing Guidelines (U.S.S.G.) § 1B1.13 contains the applicable policy statement.

Section 1B1.13(b) identifies six circumstances that, individually or in combination, may provide "extraordinary and compelling reasons" for a reduction in sentence: (1) certain medical circumstances of the defendant; (2) the defendant's age and conditions related to his age; (3) the defendant's family circumstances; (4) the fact that the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer; (5) "any other circumstances or combination of circumstances . . . similar in gravity to" the enumerated situations in the policy statement; and (6) the defendant received an "unusually long sentence[.]" Finally, even if the Court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021).

**IV.     DISCUSSION AND ANALYSIS**

Guerra has exhausted his administrative remedies. The Court thus turns to the merits of his motions.

**A.     <u>Compassionate Release</u>**

Guerra contends the Court should reduce his sentence because changes in the law have created a gross disparity between the sentence he received and what sentence would likely be imposed today. Guerra relies on U.S.S.G. § 1B1.13(b)(6), which provides:

(6) Unusually Long Sentence. – If a defendant received an unusually long sentence

3

and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Guerra submits his original sentence of 360 months qualifies as an unusually long sentence. Guerra has received credit for time served since September 24, 2007. Sentence Reduction Report, ECF No. 509. Thus, he has been incarcerated for approximately 206 months of his current 324-month sentence.

Guerra submits that, if sentenced today, his statutory range would be lower because he would not be subject to the § 851 sentencing enhancement. At the time Guerra was sentenced, his enhanced statutory penalty under 21 U.S.C. § 841(b)(1)(A) provided: "If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment[.]" The term "felony drug offense" meant "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

Under current law, a person who, "after a prior conviction for a serious drug felony or serious violent felony has become final, . . . shall be sentenced to a term of imprisonment of not less than 15 years and not more than life imprisonment[.]" 21 U.S.C. § 841(b)(1)(A). A "serious drug felony" is an offense "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law[.]" 18 U.S.C. § 924(e)(2)(A)(ii).

4

The PSR reports Guerra's § 851 enhancement was based on a felony for which Guerra spent twelve months in confinement in Michigan. The PSR states details of the facts of the offense were not available at the time the PSR was prepared. There is no foundation for a determination Guerra's prior drug offense meets the current definition for an enhancement penalty. Guerra would be subject to a penalty of not less than ten years to life imprisonment. However, as the Court explained in its prior order denying Guerra's May 12, 2022 motion for compassionate release, the statutory provisions did not drive his sentence. Rather, the sentencing guidelines were used to calculate the sentencing range of 360 months to life in prison. Further, the sentence Guerra received is not in excess of the statutory maximum set forth in 21 U.S.C. § 841(b)(1)(A). *See* U.S.S.G. § 5G1.1(c).

Guerra asserts his guidelines range would be lower if calculated under current law. Relying on U.S.S.G. § 4A1.1, Application Notes 1-3, Guerra asserts his criminal history score would be zero because his past convictions are too old to support criminal history points at this time. Guerra contends he would face an advisory guidelines range of 188 to 235 months. The relevant Application Notes establish the assignable points for prior sentences of imprisonment are counted for certain time periods "prior to the defendant's commencement of the instant offense[.]" In addition, U.S.S.G. § 1B1.10 provides, "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." The relevant dates look-back dates encompassing Guerra's criminal history points would not change.

Guerra further contends he is entitled to a downward variance pursuant to *United States v. Booker*, 543 U.S. 220 (2005). *Booker* was taken into account in the PSR and the USPO found no grounds to depart from the guidelines range. Further, Guerra agreed in the amended plea agreement

to cooperate in exchange for a downward departure or Fed. R. Crim. P. 35(b) motion; however, the government took the position Guerra breached the plea agreement by refusing to complete his cooperation and to take a polygraph. Trans. of Sentencing, ECF No. 311 at 21. Judge Seymour heard from Guerra, his counsel, and the Assistant United States Attorney regarding a downward departure and found no reason to depart.

None of the arguments advanced by Guerra supports his claim compassionate release is appropriate because he was subjected to an unusually long sentence.

**B.     Amendment 821**

In his reply to the government's response in opposition, Guerra denies seeking relief under Amendment 821, and notes such a request must be brought under 18 U.S.C. § 3582(c)(2). Guerra stated in his motion for sentence reduction: "Amendment 821 to the United States Sentencing Guidelines has expanded the grounds on which prisoners may seek sentence reductions under section 3582(c)(1)(A)(i) and has created changes in the law that bear on Guerra's sentence." In an abundance of caution, the Court construed Guerra's motion as raising both compassionate release and a reduction under Amendment 821. Amendment 821, which was given retroactive effect, in part limits the criminal history impact of "status points." A defendant's status points are decreased by one point if he had seven or more criminal history points, and his status points are eliminated if he had six or fewer criminal history points when sentenced.

The USPO filed a sentence reduction report on May 8, 2024. ECF No. 509. The USPO noted Guerra qualifies for a reduction of 1 point, which results in a revised criminal history points total of 14, for a category VI. The USPO determined Amendment 821 does not apply because Amendment 821 does not have the effect of lowering Guerra's guidelines range. *See* § 1B1.10(a)(2)(B). Guerra is not entitled to a reduction in sentence pursuant to Amendment 821.

C.   **Section 3553(a) Factors**

Guerra contends his rehabilitation efforts while incarcerated militate in favor of a reduction in sentence.  In its order filed February 15, 2023, the Court addressed the § 3553(a) factors as follows:

> B.   *Whether the Section 3553(a) factors weigh in favor of release*
>
> Even if the Court determined extraordinary and compelling circumstances exist in this case, however, analysis of the Section 3553(a) factors would preclude release. See 18 U.S.C. § 3582(c)(1)(A) (the Court may grant compassionate release only "after considering the factors set forth in section 3553(a) to the extent that they are applicable[.]"). These factors include
>
>> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>> (2) "the need for the sentence imposed—
>>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>> (B) to afford adequate deterrence to criminal conduct;
>>> (C) to protect the public from further crimes by the defendant;
>>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>>
>> (3) the kinds of sentences available;
>> (4) the kinds of sentence and the sentencing range established for [the offense] . . .
>> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
>> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>> (7) the need to provide restitution to any victims of the offense.
>
> 18 U.S.C. § 3553(a).
>
> In the Court's February 16, 2023 order denying compassionate release, the Court noted:
>
>> Guerra pled guilty to of conspiracy to possess with intent to distribute and to distribute one thousand kilograms or more of marijuana, a serious offense. Judge Seymour ultimately held Guerra responsible for 11,257 kilograms of marijuana, a significant amount.  Moreover, he received a sentencing enhancement for making

threats against a government witness.

What is more, Guerra has a criminal history category of six, including convictions for driving while intoxicated, possession of a controlled substance, and delivery and manufacture of marijuana.

On the other hand, Guerra has used his incarceration for rehabilitative efforts such as vocational training and providing support to other inmates by serving as a companion. Although the Court commends Guerra for his progress, finding his service while incarcerated admirable, it determines his efforts toward rehabilitation fail to warrant a sentence reduction. The Court encourages Guerra to continue to take part in programming the Bureau of Prisons has to offer. Considering the balance of the factors, therefore, the Court determines a reduced sentence is inappropriate. The current 324-month sentence is not of "unusual length[,]" and creates no "gross" sentencing disparity. [*United States v.*] *McCoy*, 981 F.3d [271,] 285 [(4th Cir. 2020)] (internal quotation omitted). It is sufficient, but no longer than necessary, to promote respect for the law, provide adequate deterrence, reflect the seriousness of his offense, and is a just punishment in this case.

ECF No. 499 at 5-6.

The Court has thoroughly reviewed Guerra's current filing, and finds no basis for changing its position on the § 3553(a) factors. The Court commends Guerra and encourages him to continue his path toward rehabilitation.

### V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Guerra's second motion for compassionate release and for a reduction in sentence pursuant to Amendment 821, ECF No. 508, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 5th day of December, 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
United States District Judge